UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION


**JUAN BENITO MANCIAS**                                    |
    **Plaintiff,**                            |
                                  |

**vs.**                                                    |               **CIV. NO. 7:20-cv-00349**
                                  |

**UNITED STATES OF AMERICA**                               |
    **Defendant,**                            |


<u>**RESPONSE FOR MORE DEFINITE STATEMENT OF FACTS**</u>


**1. Please provide a list of all plaintiffs and a short statement of their involvement in the case.**

**Plaintiff's More Definite Statement for CIV.NO. 7:20-cv-00349**

Juan Benito Mancias, Chairman of the Carrizo Comecrudo Tribe of Texas (Esto'k Gna).  I am bringing

forth this claim as the legitimate representative of my people.

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.


**2. Plaintiff sets forth that the Tribe has an interest in Hidalgo, Cameron, Starr, Zapata, Maverick, and**

**Wilson Counties; Eli Jackson Cemetery; and the cities of Cuevitas, Penitas, McAllen, Mission, and**

**Pharr.  Please provide additional facts to support a finding that Tribe has a legal interest in these**

**lands.**

**Plaintiff's More Definite Statement for CIV.NO. 7:20-cv-00349**

**a) What specific facts show that the Tribe has aboriginal title to this land?  This may include, but is not**

**limited to, a history of the Plaintiff/Tribe's inhabitance and/or ownership of any specific area.**

It is commonly misunderstood that the Carrizo Comecrudo were part of the Coahuiltecan but the Carrizo Comecrudo pre-date all other tribes and peoples in the area of South Texas and have been here since time immemorial.  The Carrizo Comecrudo are NOT Coahuiltecan. We are the autochthonus people of what is known as Texas. We have our own distinct Comecrudan language, recorded in 1886 by ethnologist A.S. Gatschet, with a handful of fluent speakers today. There are other Tribes in Texas but their migration was forced to this area, these are not their original homelands.  Coahuiltecan was not an actual tribe but a term use by colonists to describe various tribal groups and languages that they didn't understand, lumped together for the colonizer's convenience. There is only one real connection in a tribe and that is the language. There was great migration of displaced people that happened, especially where large European settlements were made, as around the Houston/Galveston Bay area where the Karankawa were known to have gone to Mission, Texas and settled with the Comecrudos in 1859. This is documented. The Spanish were known for kidnapping our 5 and 6 year-olds and taking them to Mexico City to brainwash them with Spanish, Nahua as well, later bringing them back as interpreters. Along with them came the people that had already been colonized, Native people as well. These people were used as examples for the rest of us here to "settle down" to the Europeans ways. All of this is documented. "Indians of the Rio Grande Delta" by Martin Salinas, is an excellent source to give a better knowledge of all the people that were in Nuevo Leon, Tamaulipas, Coahuila states. But our language was recorded in 1886 in Camargo by my relatives. There are certain words that are considered target identifiers that remain in the Spanish that is spoken in South Texas. My family the Mancias' have always been in Texas, preserving, maintaining, and living this way of life, since before it became Texas.  Attachments #1, #2, and #3 provide several thorough summaries of the history of the Esto'k Gna – the Carrizo Comecrudo - and are attached to this response.

The A. E. Anderson Collection, housed at the Texas Archaeological Research Laboratory (TARL) contains artifacts collected from over 200 sites in the Rio Grande Delta.  Anderson discovered the Garcia Pasture

site, labeled 41CF8, in Cameron County in 1917. This site was investigated again in 1970 by the Texas

State Historical Survey Committee (Prewitt 1974). The Garcia Pasture Site was listed on the National

Register of Historic Places in 1972 and resulted in the Carrizo Comecrudo becoming a recognized tribe

by the National Park Service. The collection contains over 2,000 prehistoric artifacts such as shell

ornaments and tools, chipped stone tools, bone, groundstone, and ceramics.  Artifacts of the Anderson

collection found from the Brownsville Complex included Carrizo stone and shell points, shell scrapers,

shell pendants, shell beads, and ceramic vessels (indicating that they traded with peoples from the north

and south since ceramics were not original to that area).  Also noted are archaeological digs in Nueces

County, specifically NU2 which found few artifacts but more than 200+ human remains and NU11 which

found 10-20 human remains.  This site was also an old battleground.  These locations as well as others

consisted of dunes, called "lomas" and are burial grounds with human remains of Carrizo ancestors.

These burial mounds form over time by high tides, winds, and storms and are historically and

geographically noteworthy.  Lomas that are of legal interest to the Carrizo Comecrudo include, but are

not limited to, Loma del Mesquite, Loma de la Draga, and Loma del Islote along the shipping channel in

Port Isabel in Cameron County threatened by three proposed LNG export terminals; Loma Sandia in Live

Oak County which contains over 200 burials, lies close to the Valero Refinery in Three Rivers, and is

threatened by the Valley Crossing Pipeline as Valero owns part of Loma Sandia as private property

(Loma Sandia has artifacts discovered dating back to 890 BC); Loma Ochoa in Cameron Co. that is the

planned dump site for Texas LNG, the Floyd Morris site in Cameron Co. that contains 12 human remains,

and the Ayala site on the border of Hidalgo and Cameron Co.'s that contains 40+ human remains.  The

"Prehistory of South Texas" by Thomas R. Hester provides an extensive archaeological history the Rio

Grande Plain with mention of the Carrizo Comecrudo peoples.  A copy of this document is attached as

Attachment #4 to this response. An additional document describing the Ayala site is included in this

response as Attachment #5. An study of lomas from the Tribe's research and their legal interest in these is provided in Attachment #6 and included in this response.

The Battle of the "Republic of the Rio Grande" is not in the history books but is an epic story of settling the southern border. A man named Antonio Zapata died there at the battle of Mier. He was "mulatto" of Carrizo descent. His head was cut off and placed on a lance to show what happens to Natives that crossed the Mexican Government. This is another reason they do not want to recognize the Natives of this land, the Esto'k Gna. A document recording the marker of the Republic of the Rio Grande is included in this response as Attachment #7. In Val Verde County in Juno, Texas there is a mass gravesite where at least 300 Carrizos lie buried after being massacred by priests and soldiers. It is documented. Manuel Cavazos, my (Juan Benito Mancias) great-great grandfather, related his people's history in an interview with Captain Ezra Hawkins of the U.S. Military and recorded by Patrick Wilson in 1801 and reads: "In the early days of the railroad the surveyors for the G H & S. A. R.R. Co. and G. W. T. & P. Ry. Co. discovered two major sites that showed that either a major battle took place or a massacre of a whole tribal village was discovered by their crews. While G.W.T. & Ry. Co was surveying in what is called today Sutton County and Val Verde County on the Devil's River, 325 skeletal remains were unearthed from a pile that was thought to be an earth mound. The records and survey show the mound was 10 feet in height and 25 feet across and 9 ½ feet in depth. When the discovery was made all surveying was stopped until the sheriff could be brought in. The records of the Surveyors show that the local law was not interested but the military was contacted and able to establish through their own investigation from local Mexicans that the area was the hunting ground of the Carrizo Indians. The oldest of the families that remembered was the family of Senior Manuel Cavasos who claimed to be Carrizo Indian by birth. As he states in records " I quote directly from record" of the G H & S.A. R.R. Co. and G.W.T. & Ry Co. and Military report. On this day we take the following story of and elderly Mexican man through interpretation since he is unable to speak our language. I am Patrick Wilson who will write in full detail for all in common

place at this time for this story of the accounts of Senior Manuel Cavasos. In attendance is as witness to the facts are Mr. Juan Castro Garcia , Spanish & Apache Interpreter. Mr. Jose Pernales Sanchez , Captain Ezra Hawkins Anderson of Kentucky , Mrs. Anna Castro Garcia wife of Juan. Mr. Thomas Anderson of the G H & S.A. R. R. Co. Captain Hawkins will conduct the questioning to Mr. Cavasos through Mr. Garcia. Question: Senior Cavasos do you have any facts relating to the skeletons that have been found; As I have said many times before even though I am old it will never pass in my eyes on what happened to my family when I was a little boy of 11. Our people had been moving up from the hot land to our hunting area upon the grounds of our fathers. Day and night we walked from the hot land from the south. In constant fear of being seen by the long robes and long spears who we had escaped from many summers before. Many of our people divided their belongings and went with others of our people to the flat lands towards the blue water. We were many, many people and went many directions for safety and away from those who imprisoned us and took us from our lands. "Captain Hawkins" Mr. Cavasos I am not interested in the history of your family but of the skeletons at Devils River. I am and old man who knows much and for me to give you the answer you must allow me to give the truth of what you have found, if not then I will go and leave you to your skeletons. "Captian Hawkins" Forgive me for my manners but I have traveled long and hard to get here, so if you must continue then do so. As we came across the great water a horn blew in the distance and we could see a cloud of dust as if the ground tried to reach the sky. Our men moved us across very fast we were running for our lives the cry went out that the long robes of the cross had found us. I grabbed my little sister and followed my brothers and mother to safety. Our Women and Elders ran very fast to the hill on the others side as we came up the top, my father turned to my mother and let out a yell " muerte a los trajos largos". My father is Chief Naz`tazea of the Carrizo who led his people from the hot center of the hot land for twenty nights and days, and he is a warrior and leader to his people. On this day I stood in greatness to see my father and 200 of our warriors go back across the great water and wait for the long robes and long spears. My mother and the

elders got everyone together and we walked for days and nights never looking back, except in our hearts. We came upon and area thick with trees and a abundance of water, this you call Devils River. To our people it was a place of safety. The elder men immediately set out scouts and hunters as all of us made shelter for the nights to come. Our great father gave our hunters meat for the fire and herbs for the sick. On our second moon our warriors came upon us with the dead and wounded of our people. Many cries could be heard that night and through the next day, our chief had not returned. He stayed behind to make sure that no one was left to follow his people. The camp was always busy and on alert , with the little ones playing it allowed our warriors to heal and rest. As my mother and grand mother were grinding meal a loud scream came across the horizon. 30 Warriors came over the rise and my father was leading them to us. Joy and excitement was everywhere in our camp. My mother greeted my father as he rode up on his horse. Across his front was a dear skin sack. He got off his warrior horse and walked to the middle of the camp and opened the dear skin with his knife. As the contents fell to the ground, there came upon our people a silence as we saw that the hair of the long robes and long spears lay before us. My father raised his spear and said. Los alcoholes del viento aquí yo chief de Naz`tazea del Carrizo, le traemos el ofrecimiento de nuestros enemigos. Demando esta pista como la pista nosotros fue tomada una vez de. Y nunca nos iremos otra vez. Excepto con muerte. For 10 summers our people grew from the 350 of who escaped from the hot land to 490 from births and others who escaped who found us. During our summers here I grew to a man amongst the warriors of our people. My brothers who have left for the other carrizo lands have been telling the story of our crossing and stand that our father has taken. Four summers past a Great Apache and Kickapoo War Chief came into our village and spoke of the Long Robes who have crossed the great water and are making slaves of their people. As we all set at the council fire my father agreed to fight the Long Robes with the Apache and Kickapoo. Before the eyes of our people this night we shall join our brothers from the South and ride the spirit wind of the Warrior. In honor my Father, the Apache and Kickapoo Chief took their knives and cut the hand of blood

and joined with tied dear skin the three. And sang the Warrior Songs. My father gave the Apache and

Kickapoo Chief a beaded strap and said to them, when the Long Robes and Long Spears come bring this

and we shall stand against them. On the 12th summer a loan rider came into our camp and spoke to our

father who handed him a beaded strap from the Apache Chief. Immediately the Warriors gathered and

collected their belongings. At council fire that night we sang the war songs of our people. That was the

last time we saw our chief and 150 of our warriors, out of the 150 that went to fight only 50 returned. At

the end of that summer the Long Robes came in peace and spoke to myself and the elders of our tribe.

They said they would leave us alone so treaty was made of peace and offering. Now, to answer you the

mound is my people " The Carrizo Of Chief Nat'tazea"who were massacred by the long robes and long

spears. As we slept the long Robes and Long Spears came into our camp during the night with horses

and trampled and murdered our people. They rapped our young sisters and murdered them in front of

their elders before murdering them too. They put our little ones on spear tips and held them up for all to

see. My sister was with child and Long Spears cut her with their knives where her unborn baby slept. The

Long Spears gathered all the bodies of my people and burned them some were still alive and I could

hear their screams. The Long Robes said the prayer over our fallen as they were burned. As I lay with a

spear in my back from the rivers edge I saw the Long Spears dig a hole in the ground and dump my

people in it. It was dark that night and the Long Robes and Long Spears left me for the devils of the

night. I awoke that morning and nothing was there, everything was burned by the Long Robes and Long

Spears my people were gone. I was alone. What will you do now with my people? "Captain Hawkins" I

will do what is advised, my orders are to remove the skeletons and make way for the railroad. "Mr.

Cavasos" So again my people will die by another.   A document recording the complete account is

attached to this response as Attachment #8. Also included in this response is a document and photos of

a historical marker in Zapata, Texas, indicating the presence of the Carrizo, see Attachment #9.

Virgil Lott, a distinguished journalist and writer covering the Rio Grande Valley who once worked for the U.S. Immigration and Customs Service recorded an interview with an elderly Carrizo woman, Dona Panchita, on 9/26/1932 in which she told him the story of her people and their travels through the desert to where the Salado River meets the Rio Grande River, the place they lived and kept a sacred fire burning for hundreds of years.  A place they were chased out from by the Spaniards and missionized, murdered, and traumatized with genocide as they were colonized.  A copy of the article as it was published in a local newspaper in Roma, Texas, on 9/26/1932 is attached to this response as Attachment #10.

Odie Arambula, a noted historical journalist and humanitarian from the Laredo Times wrote on the discovery of the presence of the Carrizo Comecrudo being counted for the first time in a census of Villa de San Agustin de Laredo in 1789. A document of this account is attached to this response as Attachment #11.

After settling the border dispute, the government set up a Land Commission which took away all the land from people who fought for the Republic of the Rio Grande and told them they were being treasonous against the US. That's partly why some of the land was taken away from us. Land speculation in Texas was a big part of the land grab that moved so-called property into private ownership. According to the Texas State Historical Association, speculation in land took one of two general forms: speculation in actual tracts of land, and speculation in unlocated land paper. Virtually all who moved to Texas were to a greater or lesser degree speculators of the first type. Some scholars think that the principal stimulus to colonization was private speculation of this type. Unlimited speculation in huge tracts such as had existed at times on the earlier American frontier to the east was restricted in Texas by the colonization program established by Mexico (https://www.tshaonline.org/handbook/entries/land-speculation).

The U.S. Government is pursuing two new wall projects, termed "Del Rio A" and "Del Rio" B in Maverick County at Eagle Pass, TX.  Del Rio A will be built on top of an ancestral Esto'k Gna village called Kuitan Ali Yenhe'l len which translates to the Burnt Village, or the Burnt by Fire Village.  This village spanned both sides of the Rio Grande and extended into present-day Piedras Negras.  Piedras Negras translates into "black rocks".  Both Piedras Negras and Kuitan Ali Yenhe'l len were given the name due to the large amount of black rocks and coal deposits in the village.  Our tribe has a re-creation story that explains that the reason for all these black rocks was due to what we call burning of bad feelings. Because the new border wall would be built over my tribe's village, any construction will ruin the graves of our ancestors who are buried at that site. I also worry that the construction will turn up artifacts from the village that will be destroyed or looted by construction workers. I have heard reports of construction workers on the Trans-Pecos pipeline looting Native artifacts they found in the Big Bend area during construction of that pipeline, and I am worried the same will happen to our other artifacts.

The Del Rio B project would also be built on top of an ancestral village of our tribe called Punta de Sur. Unlike the village of Kuitan Ali Yenhe'l len, which served a more nomadic group of Esto'k Gna people, this village was more sedentary and had, for example, domesticated buffalo and elk. Tribe members who lived there would make cordage, nets, and blankets out of the lechuguilla plant that grows around the area. Our tribe established a village there because there are several creeks nearby that flow into the Rio Grande, and it is easier fishing out of the creeks than the river because the current is not as fast and it is easier to deploy nets. I have the same fear about what construction of the Del Rio B project will do to our ancestral land as I do for the Del Rio A project. I believe that construction crews will dig up our ancestors who are buried at that site. I also worry that the construction will destroy artifacts from the village. When the federal government digs up our ancestors, they are killing us again. It would be an attempt to erase our connection to the area, and we cannot allow that. Those are our relatives buried there, and any harm to them is a harm to us. While the land at both Del Rio A & B has already been

disturbed somewhat by the existing fencing, the new fencing is on such a larger scale that I believe it will cause much more damage. I do not believe the government has dug up all of the remains of our ancestors yet. Further, even if there has already been desecration of our ancestral land in the past, that is not an excuse to stop respecting and taking care of this land now. Constructing a large border wall across my tribe's villages and disturbing the remains of our ancestors would take away a piece of my identity and the identity of all my tribe. It would be a grave disrespect of our most treasured monuments and would cause me deep distress. I am currently a party to a lawsuit in the United States District Court Northern District of California, San Francisco-Oakland Division and have included a copy of this document as Attachment #12 in this response.

Our presence in history is verified all over south Texas on the walls of caves and faces of rocks. Extensive documentation and research of pictographs of pre-historic times and more recent history show that our ancestors used these art forms to mark certain events and seasons as well as prophecies. Many of these prophecies depict the presence and violence of the fossil fuel industry today.  We have recorded paintings in Val Verde and other counties, but our most well-known site is at Paint Rock. Unfortunately, vandalism has marred up to 25% of these pictographs, demonstrating once again the blatant disregard for our history and identity. "The Rock Art of Texas Indians" by Forrest Kirkland is an excellent source to view the expansive inventory of these artworks.

Our traditional peyote grounds are located in a small isolated section along the Rio Grande River in Starr County, Texas. Peyote has been highly sought after and severely over-harvested and is now an endangered plant.  With the seizing of land and issuing of contracts for land clearing, our peyote grounds have been destroyed in some areas and threatened in others. The use of peyote medicine originated with the Carrizo Comecrudo. This is documented. We are at risk of losing our medicine in our original homelands because of border wall development. Morris Opler, an American anthropologist,

wrote extensively about the Carrizo's peyote ceremony in 1935.  The article, titled "The Use of Peyote by the Carrizo and Lipan Apache Tribes" is included as Attachment #13 to this response.

Also included in this response are Attachments #14, #15, and #16 that list the Tribes north of Mexico proving our existence, leaders of the Carrizo/Comecrudo throughout history, and a map of our migration trails, respectively.

We have words in our language for ocelot and for the animals that are no longer there.  Our clans are historically tied to animals of the area. The clans are a big part of us being who we are because we identify with each animal of the environment.  From the catfish to the bear, from water to land.  For example, we had a relationship with the turtle and therefore we have a Turtle Clan. Animals are important to us because we see ourselves as part of the land, being in balance with everything around us. The animals showed us how to be able to be aware of the environment, to take care of the environment, to take only what was needed.  Therefore, the wildlife and habitat of the Rio Grande Delta is historically significant to us and are central to our aboriginal title.

The last paragraph of Article XI of the Guadalupe Hidalgo Treaty of 1848 states: "For the purpose of giving to these stipulations the fullest possible efficacy, thereby affording the security and redress demanded by their true spirit and intent, the Government of the United States will now and hereafter pass, without unnecessary delay, and always vigilantly enforce, such laws as the nature of the subject may require. And, finally, the sacredness of this obligation shall never be lost sight of by the said Government, when providing for the removal of the Indians from any portion of the said territories, or for its being settled by citizens of the United States; but, on the contrary, special care shall then be taken not to place its Indian occupants under the necessity of seeking new homes, by committing those invasions which the United States have solemnly obliged themselves to restrain."  With the Supreme Court decision of McGirt vs. Oklahoma handed down this year, Tribal interest in treaty rights has grown

stronger and we are encouraged by the decision of the Court.  Justice Gorsuch wrote "Today we are

asked whether the land these treaties promised remains an Indian reservation for purposes of federal

criminal law. Because Congress has not said otherwise, we hold the government to its word." This tells

us that now the government must finally keep its promises and follow the law. They have yet to honor a

single treaty they have entered into with Native nations.


Our case should be viewed in the light of the history and traditions because it captures the intent that

Congress wanted to follow. Please see the list of "The Rights of Inherent Rights" included in this

response as Attachment #17.  Also included in this response is a copy of the Guadalupe-Hidalgo Treaty

Land Claim Equity Act of 1998 which recommends that procedures be followed that allow Native

American Tribes access to their sacred sites as Attachment #18 and a document titled "Newcomb:

American Indian nations wrongfully defined as Attachment #19.

 We ask that you act in the best interest of the law.

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.

**b) Does Plaintiff have traditional title to any of the land he seeks to recover under this lawsuit?**

My (Juan Benito Mancias) grandfather always told me he held a title to his land in Penitas, TX.  However,

we have never been able to find a recorded deed or a document verifying this.  My name was possibly

listed on a deed for the Eli Jackson Historical cemetery.

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.

**c) Was Plaintiff/Tribe granted any property by treaty or allotment? If so, what boundary lines were**

**established? Can you produce documentation of the treaty or allotments?**

The record on hand that we have setting aside land for our Tribe comes from historical writings referencing Tomais Sainchez de la Barrera y Garzaqv who, in 1755 was granted permission to form a new settlement which is now Laredo,Texas, under the authority of Escandan.  Escandan had been given the responsibility of settling the entire so-called Spanish province. When partitioning the lands, the designated commission sectioned out San Agustan Plaza and the village, including over a thousand miles of riverfront. Twenty-three portions of land (over 356 miles long) were left unassigned due to lack of interest.  Because the commissioners knew that the Indians would want to congregate, they set aside a place for them on the right bank (present-day Mexico side) across the river from the town. This piece of land was available to us up until 1840, when Mexican General Manuel Arista brought forces to crush a move to establish an independent Republic of the Rio Grande. As a result of the many battles, the Carrizo escaped to the north side of the Rio Grande. The historical narrative is included in this response as Attachment #20. No other property was granted by treaty or allotment to the best of my knowledge.

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.

**d) Has the Plaintiff/Tribe ever had any lease interest in any of the lands, either as lessor or lessee?**

Various tribal members have held individual leases in these lands over the years, but I do not have a listing of these.

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.

**e) Does Plaintiff/Tribe have any mineral rights in the land?  If so, is Plaintiff/Tribe presently receiving royalties as a result of mineral rights interest?  Please describe the specific area in which Plaintiff or Tribe has a mineral interest.**  No. Neither the Plaintiff nor the Tribe have any mineral rights in the land or receive any royalties due to mineral rights interest.

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.

**3. Plaintiff sets forth that various counties have failed to protect burial, village, and sacred sites of the Carrizo. How have counties failed to protect burial, village, and sacred sites? What injuries has the tribe suffered as a result of this failure? And, in what specific area did the injury occur? Have tribal artifacts or bodies been found and disturbed in these areas?**

**Plaintiff's More Definite Statement for CIV.NO. 7:20-cv-00349**

City and County officials have neglected the fact that there were state historical markers at Eli Jackson and Balli cemeteries, allowing contractors to clear land and dig right up to the edges of these historic cemeteries. Contractors have plowed through historical places alongside the Pony Express station and Wells Fargo station next to the Eli Jackson cemetery.  They have demolished the houses where people lived, owned for generations by many descendants who did not give permission to take the land. They destroyed an old salt cedar tree, cactus, and native brush groundcover that have been there for centuries – all have history. The County failed to protect us by allowing contracts to go through and by not taking a stand on banning the wall.  Those are our relatives buried there, and any harm to them is a harm to us. Constructing a large border wall across my tribe's villages and disturbing the remains of our ancestors takes away a piece of my identity and the identity of all my Tribe. It is a grave disrespect of our most treasured monuments and causes me deep distress. We are further injured because we haven't been able to access many of these areas and haven't been able to carry out our lifeways according to our tradition in these areas.

The lack of due diligence of contractors and the quality of their investigations are not merited to the favor of the Tribe because we have evidence of looting of artifacts by contractors and subcontractors and also by Border Patrol and law enforcement agencies charged with protecting these areas. The State of Texas has failed us as well because they have not given any protection or provided investigation when

pre-Columbian artifacts were looted and taken (not even to federally recognized tribes) and they have gone to collectors.  Counties have failed us by giving permits for digging, zoning, and offering tax abatements to companies interested in property without consulting our autochthonous Tribe or providing adequate measures to ensure no sacred or historical sites would be disturbed or destroyed, co-opting the waiving of 28 federal protection laws. A few examples that we are aware of are listed and included as Attachment #21. This is not an exhaustive list by any means but shows the lack of due diligence and due process and the disregard of these entities to include our autochthonous Tribe in their decisions.  Also, there was not consistent ground radar testing for burials and artifacts prior to permitting and zoning for construction of border wall segments, pipelines, and associated structures.

The Eli Jackson Historical cemetery was granted a waiver of the 2019 Congressional Appropriations Bill after much resistance from the Tribe and other local groups.  The City of Pharr, County of Hidalgo, State of Texas, the US Army Corps of Engineers, and even the Federal government themselves failed to provide due diligence in preparation for this wall. Neither our Tribe nor the communities were informed of the plans for the construction of this wall and had no way to give input or be involved in the process outside of direct actions and public opposition resistance. To this date, we still do not know what the final impact will be to the cemetery or other areas because we have not been notified.  Community members, families whose members are buried at the cemetery, and homeowners who live next to the cemetery still do not know what the final impact will be to their homes and burial grounds as they have not been notified either. This is a drastic failure of the County, State and Federal systems to protect and inform all of us.

In Wilson Co. (and Bexar Co), where the San Antonio river runs downstream, there were villages.  Carrizo remains were found in Wilson County on a construction site and the Tribe was notified and allowed to repatriate the remains to another site in Floresville. But we have witnesses to other instances where remains and artifacts were found and disposed of or looted.  None of this has been investigated.

The Texas Railroad Commission knowingly allowed Dos Republicas Coal Project to excavate an old village site where remains were found and secretly reburied. There are other instances of similar discovery and destruction of human remains by the river at Eagle Pass, at St. Augustine Plaza in Laredo, and at the base of City Hall in Zapata. We were not listened to when we appealed to the authorities for protection of these areas. The situation resulting from Dos Republicas was a shameful display of corruption and incompetence. The Railroad Commission has failed us over and over with abuses such as these.

Multiple pipelines have been constructed, are in the process of being constructed, or are planned for future construction all throughout Texas. Many of these pipelines, including but not limited to, the Valley Crossing, Whistler, and Gulf Coastal, cross our historic trails and ancestral village sites. We know that the Whistler pipeline crosses through our old village site at Alice, TX, and is in close proximity to the Chihuahua Trail and others in Val Verde Co. along Hwy 277/77. Roads have been built right over trails. Historic landmarks verify these old trails. We have not been given access to our homelands being cleared for these projects nor been consulted regarding determining best locations to avoid sacred sites because of the lack of due process and due diligence of each County and the State of Texas. Many village and trail sites are now on private lands. These pipelines must be granted zoning permits and easements at the City and County levels. We are not even able to determine if sacred sites have been damaged or looted because we have never been informed of the activities prior to or during construction. We only are made aware of them after the fact with our own monitoring and observations and through accounts of those who witness looting and theft.

TCEQ has failed us by failing to address oilfield pollution and violations. This causes harm to us as a people, to our health, to our water, and to our environment. We have high rates of allergies, asthma, and other related chronic illnesses due to the neglect of the fossil fuel industry and the officials charged with regulating them and this has certainly increased our susceptibility to Covid-19. Extremely high rates of death due to Covid have resulted in south Texas because we are already vulnerable due to our

exposure to toxins and pollutants. Earthworks reported the following on 10/21/2020: "Earthworks found and documented emissions from the oil industry's equipment, and on 141 separate occasions, they reported what they found to the state's environmental regulators. However, in response to those 141 complaints, the Texas Commission on Environmental Quality (TCEQ) took action to reduce pollution — by, for example, issuing a violation to the company responsible — just 17 times, according to a new report published today by Earthworks, which describes a pattern in which Texas regulators failed to address oilfield pollution problems, allowing leaks to continue in some cases for months. TCEQ took "other" regulatory action, which the report said might be contacting the company operating the site or sending out an inspector, in response to 60 complaints, but in many cases Earthworks said TCEQ's response came weeks or months after the report was filed. In 22 cases, TCEQ closed the complaint but took no action at all, the report says. And 42 of the nonprofit's pollution complaints remain open. (https://www.desmogblog.com/2020/10/21/texas-commission-environmental-quality-pollution-complaints-permian-earthworks ) Therefore, counties have failed us by not demanding that TCEQ comply with their own regulations in each of their respective counties.

The Department of Homeland Security issued a waiver of the following 28 laws to fast-track the construction of the border wall:  The National Environmental Policy Act; The Endangered Species Act: The Federal Water Pollution Control Act, referred to as The Clean Water Act; The National Historic Preservation Act; The Migratory Bird Treaty Act; The Clean Air Act; The Archaeological Resources Protection Act; The Paleontological Resources Preservation Act; The Federal Cave Resources Protection Act of 1988; The Safe Drinking Water Act; The Noise Control Act; The Solid Waste Disposal Act; The Comprehensive Environmental Response, Compensation, and Liability Act; The Archaeological and Historic Preservation Act; The Historic Sites, Buildings, and Antiquities Act; The Farmland Protection Policy Act; The Coastal Zone Management Act; The Federal Land Policy and Management Act; The National Wildlife Refuge System Administration Act; The National Fish and Wildlife Coordination Act;

The Administrative Procedure Act; The River and Harbors Act of 1899; The Eagle Protection Act; The Native American Graves and Repatriation Act; and The American Indian Religious Freedom Act. This action harms each and every one of us and destroys the protection of the critical infrastructure we rely on to survive.  Two of the laws waived single out a specific group to be targeted – Native Americans.  No other group's religious freedom was waived for this venture.  City, County, State governments have failed us by not standing in opposition to the waiving of these laws in their respective areas.

City, County, and State governments, and the IBWC failed miserably to stand up to the lawlessness of WeBuildtheWall and Fisher Industries when they built their illegal wall on private property.  They failed to protect landowners from damages and failed to protect entire communities from the environmental impacts of this project.

City and County governments have failed to notify or consult us with the planning and permitting process for LNG terminal sites at Garcia Pasture and Loma Ochoa.  They have refused us access to the site and have failed to provide information regarding their intentions to protect the historical and archaeological value. There has not been due diligence or due process completed throughout the planning and permitting process for any of the three planned terminals at this site.

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.

**4. Plaintiff sets forth that the Tribe's land is being destroyed by digging, patrolling, and building.  Who is responsible for the digging, patrolling, and/or building? What land is being destroyed? How do you know, and what resources show, that Plaintiff or Tribe has an interest in or right to the land that is being destroyed?**

Plaintiff's More Definite Statement for CIV.NO. 7:20-cv-00349

Archaeological evidence exists that describes the presence of the Carrizo Comecrudo Tribe throughout the Rio Grande Valley and verifies burial mound sites, artifacts, and village sites.  Of grave concern to our Tribe is the disregard of these sites by corporate and government entities and lack of due diligence and due process during the permitting, planning, and construction phases of their projects. An example of this is an archaeological report prepared by Natural Resources Group, LLC of site 41CF8 (Garcia Pasture - their proposed site for an LNG terminal) for the Texas LNG completed in 2015.  This was a repeat of prior work in the area and did not do due diligence as they only completed shallow shovel digs in a very limited manner in locations that had been dug previously. Contrary to their findings, there is photographic evidence from deeper digs at the site that show dark bands indicating cultural activity and habitation and over 2000 artifacts have previously been recovered from this site.  Our Tribe was not consulted during this or any other dig.  The report mentions that they consulted with the federally recognized tribes who had no objections but they did not consult with the original people of the area, whose homelands and artifacts/burials are at question, simply because the Carrizo Comecrudo are a non-recognized tribe and they were not legally obliged to consult with non-recognized tribes. Of course, the other tribes had no objections because these were not their homelands, burial sites, or artifacts. Specifically, Garcia Pasture, archaeological site 41CF8, is a Carrizo Comecrudo ancestral village site and has been listed on the National Register of Historic Places since 1972. This site was originally located in 1917 by local collector A.E. Anderson. It was investigated in 1970 by the Texas State Historical Survey Committee (Prewitt 1974). The proposed Texas LNG site and other proposed LNG terminal sites are located in areas that contain contributing elements to 41CF8's significance. The site and elements are kept secret to prevent disturbance of archaeological sites of historical significance but our Tribe has not been allowed access to this site to practice our ceremonial lifeways.  We are concerned that looting of artifacts may already be taking place by those who do have access to this site. Fact sheets and maps are included in this response as Attachment #22.

Our "status" as a tribal nation is under the current scheme of colonization and not self-identity or self-determination. Identified prehistoric sacred sites such as Garcia Pasture, as well as the unidentified, should qualify as a cemetery according to the Texas State Law Health and Safety Code, Section 711-715 for State protection. We understand federal courts should be required to interpret and apply State law as it relates to what is defined as a cemetery in the State.

We know that the Army Corps of Engineers and Customs and Border Protection have granted contracts to the following private companies to construct the border wall, thus completing the digging and building necessary to prepare and complete the project. This includes Southern Border Constructors, Gibraltar-Caddell Joint Venture, Southwest Valley Constructors, Southwest Drilling, Fisher Sand and Gravel, Kiewet Infrastructure West Co., Caddell Construction Co., Gideon Constructing, LLC, and SLSCO, Ltd. Specific to the Eli Jackson Cemetery, we have observed and recorded P & C Oil Field Services on the cemetery property levee drilling deep holes, compromising the levee structure during hurricane season. We have confronted MDS Surveyors and Coastal Environments, Inc. as they trespassed on cemetery property to complete their work and have photographic confirmation. We question why oil industry related companies are involved in border wall construction activities. We hold the U.S. Government, including the entities of the Army Corps of Engineers and Customs and Border Protection, responsible as partners in this activity as well. Border Patrol has been patrolling the areas consistently and we have had at least one video-taped occurrence where Border Patrol officers violated the bounds of their authority when we were legally observing construction of a border wall segment. A complaint was filed but there was never any follow-up by the agency. All land being cleared for the enforcement zone and wall segments is being destroyed for the unique habitat it provides for wildlife.

A joint venture of WeBuildtheWall and Fisher industries completed construction of an illegal 3-mile border wall on private property on the banks of the Rio Grande river. They ignored international

boundary laws, violated a U.S. treaty with Mexico, failed to consult the International Boundary Water

Commission properly, and used poor standards of construction in a floodplain. This was done in a show

of support for Donald Trump. WeBuildtheWall privately raised funds to build this segment of the wall.

Walling off the Rio Grande is not only illegal but is resulting in significant ecological damage already,

causing erosion land loss and changes to the sediment and vegetation downstream. On Aug. 10, 2020,

after Border Report ran a story and video showing repairs to the ground under the private border wall

following Hurricane Hanna, Kolfage tweeted that the wall held despite the Category 1 storm. In August

of this year, Donald Trump's former chief strategist, Steve Bannon, Brian Kolfage, and two other

associates of We Build The Wall were arrested and indicted on criminal charges that they crowdsourced

online to raise over $25 million to build private border wall structures, but actually spent very little of

the funds on the wall. (https://www.borderreport.com/hot-topics/the-border-wall/its-everything-weve-

been-saying-opponents-react-to-fraud-charges-tied-to-private-border-wall/)

The Arroyo Ramirez tract is federally protected land but laws to protect it have been waived by the

Trump Administration to build his wall.  All the Lower Rio Grande Valley Wildlife Refuge is at risk of loss

of habitat and wildlife due to land clearance and changes in wildlife migration, both vital to our

existence as a Tribe, due to border wall construction.

For the past year, preparation work has been conducted for border wall construction in the areas of

Cuevitas and Penitas. These are our ancestral village sites where several caves used by our ancestors,

including one that held our sacred fire for over four centuries, have been identified and located by tribal

members and artifacts discovered.  Border wall contracting crews are tearing up the land there to clear

space for the wall and enforcement zone, destroying these sites that are irreplaceable and significant to

us.  When various clans moved to different locations, their sacred fire moved with them, never being

extinguished.  Our sacred fire moved with the clan when they came from Zapata to Los Ebanos and

Cuevitas.  The Tribe had found a significant place with two pillars to keep the fire but settled in Cuevitas

because they couldn't go further north as so many other tribes were being relocated from their

homelands into ours. Our sacred fire burned steadily here in Cuevitas until 1964, over 400 years.

Starting in 2008, the Dos Republicas Coal Partnership (DRCP) engaged in a consultation process required

under Section 106 of the National Historic Preservation Act to construct the Eagle Pass Coal Mine. That

mine (which has since started operation, abandoned the operation, and is now tasked with reclamation)

is located less than four miles northeast of the Del Rio A border wall project area mentioned above. That

consultation process found at least thirty-one prehistoric Native American sites and over 250 artifacts

were recovered. The surveyors also found a Native American burial site with intact human remains in

one area. At the time of the surveying, our Tribe sent a letter to the Texas Railroad Commission

protesting the conduct of the survey because we believed the burial site was Esto'k Gna (Carrizo

Comecrudo) and that the surveyors' handling of the burial site disrespected our ancestors. The Railroad

Commission's response acknowledged that the mining area of over 6,000 acres contained 14 sites

significant enough to require federal protection. The Commission insisted that Dos Republicas would not

disturb the sites unless they were deemed ineligible. But in response to our question about who would

oversee potentially destructive mining activities, the Commission said there is no single "watchdog" and

that such projects don't require one. They also confirmed the site included hunting camps containing

burned rock scatters, oven sites, and hunting-related stone artifacts. In spite of this, they gave the go-

ahead to the mine to clear the land and begin unearthing coal. Unbeknownst to anyone involved in the

mine opposition fight, DRCP secured a court order from the local district court in 2017 to remove human

remains and rebury them in a cemetery in Del Rio, TX (quietly and secretly so no one in Eagle Pass would

know what was happening).  To the best of my knowledge, no attempt was made to contact any

Indigenous group or to post public notice that this was being done.  They also claim that there are no

more remains in this area. We know this to be untrue. There is an extensive discussion of the human

remains found in Site 41MV189 (pages 33-46 in Part 1 and Appendices B, C and D in Part 3) of the July 2018 Cultural Resources report submitted to the Railroad Commission by archaeologists hired by Dos Republicas Coal Mine (DRCP).  I have attached the first two cover pages of that document as a reference and it is included in this response as Attachment #23 and several lists by the Texas Historical Commission on archaeological findings of various sites around Dos Republicas (please see Attachment #24.

We are also aware of damage to riverbanks in Laredo where the existing wall is located between just 200-500' at the most from the riverbank.

These losses to us should be viewed not only in light of the environmental loss of a resource at each location, but also in light of international norms of Sovereignty according to Article 12 of the UN Declaration of Indigenous Issues and recognition of the Esto'k Gna people (the Carrizo Comecrudo).

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.

**5. Plaintiff requests a cease and desist of all construction of the border wall. What construction is affecting Plaintiff or Tribe's and interests? Please include the specific area, the alleged bad acts, and the type of interest in the land that the Plaintiff/Tribe possesses.**

**Plaintiff's More Definite Statement for CIV.NO. 7:20-cv-00349**

Engagement by government has not been sincere in building the border wall. The militarization of Border Patrol and their tactics of profiling and harassment cause psychological injury and distress to us and the local communities. We must live under their intimidation on a daily basis while contractors of the wall cause physical destruction to our communities and habitat. CBP has ignored our communities

regarding construction, placement, and design of the border wall. They have failed to inform the public of their intentions and the only ones who know what the real and final impact will be on the cemeteries are the County, City, and Federal Governments.  This lack of accountability causes harm to us as mental anguish not knowing what harm will come to our ancestor's burial sites and whether we will ever be able to access these "no-man's" lands created by this barrier again.

As of this date, to the best of our knowledge, CBP has violated their agreement to stay out of locations exempted from the Border wall.  We have reports that they are encroaching on Santa Ana Wildlife Refuge, Bentzen State Park, and the Eli Jackson Historical cemetery. As mentioned before, the Plaintiff/Tribe's interests lie in all these lands as they are our ancestral hunting/fishing grounds, village sites, trails, and burial grounds.  Our ancestral villages lie all along Hwy 281 and Hwy 83 in the Rio Grande Valley and are subject to being cut off to surrounding homelands due to border wall construction.  The small towns of today, such as Los Indios, Los Fresnos, La Ferie, Granjeno, La Joya, Penitas, Cuevitas, Los Ebanos, La Grulla, Roma, and Salineno are all built from original Carrizo villages.  In Los Ebanos, a tribal family has been fighting to protect their property from being seized for border wall construction.  Another tribal family in La Rosita is fighting to prevent the government from building the wall directly in her back yard.

The border wall will clog and dam up with debris during flooding and have catastrophic consequences to each community along the path.  We have already seen the deterioration of an illegal private wall segment built near La Lomita and the National Butterfly Center.  In the short time it has been built, this wall has caused severe erosion at its base along the river and will leave a path of devastation down river with every storm and flood.  The acts of this private venture are particularly egregious because they intentionally disregarded international boundary laws with Mexico, regulatory requirements of the IBWC, and they failed to use common sense during construction or take into consideration the effects on their neighbors.  The entire border wall construction impacts our Tribe in the sense that it desecrates

our sacred sites and ancestral villages; disturbs burials and artifacts, exposing them to looting and theft; destroys habitats and endangered wildlife environments that are integral to our survival and our lifeways; cuts off access to many of our homeland locations for us to continue our lifeways; and continues the erasure of our people with lack of due diligence and due process.

Border wall construction in Starr County is severely impacting our sacred peyote grounds.  Peyote is endangered and has been severely over-harvested and must be protected to ensure its survival.  Taking out our medicines, including the tobacco tree, sage, and the cypress trees is another attempt to erase our culture.  The 900-year old Montezuma Cypress, known to locals as "Monty" east of McAllen, TX is threatened with demolition because it lies in the enforcement zone path.  This particular tree was important to my ancestors even before Spanish colonization.

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.

**a) Customs and Border Patrol has stated that no border wall construction will occur around the Eli Jackson Cemetery.  If there is no border wall construction in that area, does Plaintiff still have a claim for some injury related to the Eli Jackson Cemetery?**

In fact, there IS border wall construction around the cemetery, contrary to what CPB stated. On June 4, 2020, we confronted P & C Oilfield Services on the levee immediately north of the cemetery having drilled several deep holes into the side of the levee, compromising the levee during hurricane season. We have video footage to confirm this.  The legal property boundary of the cemetery extends under the levee, therefore the company was working on cemetery property without express permission from the owners. As of this date, the border wall has been built on the levee running eastward from the northeast corner of cemetery property and westward from an unknown distance from the northwest corner of cemetery property.  Equipment and machinery are sitting close by, however construction was recently stalled due to a restraining order placed by a judge. Even so, the levee directly north of the

cemetery has been cleared and prepared for construction and materials are nearby ready to be installed. We expect them to continue with construction once the restraining order has lapsed. Land has been completely cleared level right up to the edge of the cemetery on the east side. The injury that results from this is two-fold: they have violated their agreement to go around the cemetery and have likely disturbed graves that are under the levee (this levee was built right on top of the cemetery in the 1920's, again without due diligence or due process or regard for the inhabitants) and have limited the access to the grounds; secondly, they are significantly increasing the likelihood of destruction to the cemetery and gravesites due to future flooding. Our ancestor's graves will once again be disturbed and damaged. The cemetery already lies in a floodplain and will now experience more devastating effects the next time the river floods because the wall blocks off overflow. This will also gravely impact migration and escape of animals trying to flee floodwaters, many of them like the ocelot and jaguarundi extremely endangered. These animals are very sacred to us and if they go extinct because of for-profit ventures, we have suffered a severe loss again. There have been sightings of the Blue Indigo snake and the jaguarundi, both endangered and protected species, at the cemetery. This demonstrates that the cemetery and surrounding area is directly part of their habitat and should be protected.

CBP has dishonored their Congressional obligation because they are essentially walling off the Eli Jackson cemetery and limiting accessibility. Government and private contractors are desecrating the sites not just because they are colonially named as a cemetery but because there are also ancestral burial sites that the wall is going through. Digging down twelve feet affects older burials. Desecrating those and erasing evidence of who we are is egregious and intolerable.

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.

**6. Plaintiff also seeks an order to all non-Native people to cease all actions against Tribe.  What specific acts is Plaintiff referring to?  How has Plaintiff/Tribe been injured as a result of these acts? Who specifically is acting against Plaintiff/Tribe?**

**Plaintiff's More Definite Statement for CIV.NO. 7:20-cv-00349**

We are referring to the looting of artifacts not only by employees of contractors and subcontractors, but also from law enforcement and Border Patrol who have been involved as well.  We don't know what might be getting looted but we know it happens. Our evidence consists of witnesses who were employed by these entities in the past and have verified the removal of arrowheads and human remains. This has caused distress to me personally and to our Tribe.  We demand that Border Patrol, ICE agents, Contractors, Sub-contractors, and anyone who has gotten money for collecting or trading these items cease and desist and return all artifacts to the Tribes who are the original caretakers and owners. We did not and do not consent to this.

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.

**7. What is Plaintiff's relationship to the Tribe?**

**Plaintiff's More Definite Statement for CIV.NO. 7:20-cv-00349**

I am Juan Benito Mancias, the Tribal Chairman of the Carrizo Comecrudo Tribe of Texas. I am the eldest born to a lineage of hereditary chiefs of the Carrizo Comecrudo (Esto'k Gna).

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.

**8. Please provide a list of all the Defendants in this lawsuit.  Include a short statement of the injury each party caused and how the injury can be redressed.**

Plaintiff's More Definite Statement for CIV.NO. 7:20-cv-00349

**BORDER WALL CONSTRUCTION:**

**Fisher Industries**, 1302 W. Drivers Way, Tempe, AZ 85284 – **Injury:** construction of private border wall on private property is violating international boundary law and jeopardizing natural river flow during flooding; border wall construction causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below, the lack of due process and due diligence affects our Tribe, the communities in the vicinity and even the residents of Mexico on the opposite side of the river **Redress:** Plaintiff/Tribe wants this company to pay the County for all damages incurred to river banks and surrounding areas as a result of their wall construction; give Plaintiff/Tribe an inventory of any artifacts or human remains found during construction and land clearing for any and all of their projects.

**Tommy Fisher**, 3020 Energy Drive, Dickinson, ND 58601 – **Injury:** construction of private border wall on private property is violating international boundary law and jeopardizing natural river flow during flooding; border wall construction causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below, the lack of due process and due diligence affects our Tribe, the communities in the vicinity and even the residents of Mexico on the opposite side of the river **Redress:** Plaintiff/Tribe wants this company to pay the County for all damages incurred to river banks and surrounding areas as a result of their wall construction; give Plaintiff/Tribe an inventory of any artifacts or human remains found during construction and land clearing for any and all of their projects.

**Fisher Sand and Gravel**, 3020 Energy Drive, Dickinson, ND  58601 – **Injury**: construction of private border wall on private property is violating international boundary law and jeopardizing natural river flow during flooding; border wall construction causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below, the lack of due process and due diligence affects our Tribe, the communities in the vicinity and even the residents of Mexico on the opposite side of the river **Redress:** Plaintiff/Tribe wants this company to pay the County for all damages incurred to river banks and surrounding areas as a result of their wall construction; give *Plaintiff/Tribe an inventory of any artifacts or human remains found during construction and land clearing for any and all of their projects.*

**Brian Kolfage, WeBuildTheWall**, P.O. Box 131567, Houston, TX  77219 – **Injury**: construction of private border wall on private property is violating international boundary law and jeopardizing natural river flow during flooding; border wall construction causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below, the lack of due process and due diligence affects our Tribe, the communities in the vicinity and even the residents of Mexico on the opposite side of the river **Redress:** Plaintiff/Tribe wants this company to pay the County for all damages incurred to river banks and surrounding areas as a result of their wall construction; give Plaintiff/Tribe an inventory of any artifacts or human remains found during construction and land clearing for any and all of their projects.

**P & C Oil Field Services**, 1213 Blake, Mission, TX  78572 – **Injury:** drilling deep into levee on cemetery property disturbs probable burial grounds; border wall construction causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below, the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress** Plaintiff/Tribe wants a report of the results/findings of their drilling on

the levee on cemetery property and be notified if any portions or remains in cemetery underneath were

disturbed in any way.

**Coastal Environments, Inc.**, 1260 Main St., Baton Rouge, LA 70802; 525 S. Carancahua, Corpus Christi,

TX 78401; 2313 Brun, Houston, TX 77019 – **Injury:** participation in border wall construction activities

causes damage to our *ancestral hunting/fishing grounds, village sites, and burial grounds* through

disturbing the land at the surface and below, the lack of due process and due diligence affects and omits

our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this

company to give written explanation of why they were trespassing on cemetery property without

permission and provide us with the findings of their trespass work; give due process and due diligence in

*any and all current and future work in South Texas.*

**MDS Surveyors**, 874 Harper Road, Ste. 104, Kerrville, TX 78020 – **Injury:** participation in border wall

construction activities causes damage to our ancestral hunting/fishing grounds, village sites, and burial

grounds through disturbing the land at the surface and below, the lack of due process and due diligence

affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe

wants this company to give written explanation of why they were trespassing on cemetery property

without permission and provide us with the findings of their trespass work; give due process and due

diligence in any and all current and future work in South Texas.

**Southern Border Constructors**, 1750 New Hwy, Farmingdale, NY 11735 – **Injury:**  construction of border

wall and enforcement zone causes damage to our ancestral hunting/fishing grounds, village sites, and

burial grounds through disturbing the land at the surface and below, the lack of due process and due

diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:**

Plaintiff/Tribe wants this company to be accountable for co-opting the waiving of twenty-eight

environmental and protection laws, several of them directed specifically to Native Americans (if there

were no Native Americans in Texas, why the need to waive these laws?); provide inventory of any

artifacts or human remains found or removed in any of the damaged areas of historical significance used

for border wall construction or enforcement zone clearance; tear down the wall portion they built, at

their own expense and reclaim the area back to native habitat allowing the Plaintiff/Tribe to consult and

monitor the process.

**Gibraltar-Caddell Joint Venture**, 2700 Lagoon Park Dr Montgomery, AL 36109 – **Injury:** construction of

border wall and enforcement zone causes damage to our ancestral hunting/fishing grounds, village sites,

and burial grounds through disturbing the land at the surface and below, the lack of due process and

due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:**

Plaintiff/Tribe wants this company to be accountable for co-opting the waiving of twenty-eight

environmental and protection laws, several of them directed specifically to Native Americans (if there

were no Native Americans in Texas, why the need to waive these laws?); provide inventory of any

artifacts or human remains found or removed in any of the damaged areas of historical significance used

for border wall construction or enforcement zone clearance; tear down the wall portion they built, at

their own expense and reclaim the area back to native habitat allowing the Plaintiff/Tribe to consult and

monitor the process.

**Caddell Construction Co.**, 2700 Lagoon Park Drive Montgomery, AL 36109 – contract for border wall

construction at Laredo in Webb Co., TX – Injury: construction of border wall and enforcement zone

causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through

disturbing the land at the surface and below, the lack of due process and due diligence affects and omits

our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this

company to be accountable for co-opting the waiving of twenty-eight environmental and protection

laws, several of them directed specifically to Native Americans (if there were no Native Americans in

Texas, why the need to waive these laws?); provide inventory of any artifacts or human remains found

or removed in any of the damaged areas of historical significance used for border wall construction or enforcement zone clearance; tear down the wall portion they built, at their own expense and reclaim the area back to native habitat allowing the Plaintiff/Tribe to consult and monitor the process.

**Gideon Contracting**, LLC, 2243 E. Commerce St., San Antonio, TX 78203 – **Injury:** construction of border wall and enforcement zone causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below, the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this company to be accountable for co-opting the waiving of twenty-eight environmental and protection laws, several of them directed specifically to Native Americans (if there were no Native Americans in Texas, why the need to waive these laws?); provide inventory of any artifacts or human remains found or removed in any of the damaged areas of historical significance used for border wall construction or enforcement zone clearance; tear down the wall portion they built, at their own expense and reclaim the area back to native habitat allowing the Plaintiff/Tribe to consult and monitor the process.

**Kiewet Infrastructure West Co.** 10704 Shoemaker Ave, Santa Fe Springs, CA 90670 – **Injury:** construction of border wall and enforcement zone causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below, the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this company to be accountable for co-opting the waiving of twenty-eight environmental and protection laws, several of them directed specifically to Native Americans (if there were no Native Americans in Texas, why the need to waive these laws?); provide inventory of any artifacts or human remains found or removed in any of the damaged areas of historical significance used for border wall construction or enforcement zone clearance; tear down the wall

portion they built, at their own expense and reclaim the area back to native habitat allowing the Plaintiff/Tribe to consult and monitor the process.

**SLSCO,** 13 Evia Main, Galveston, TX 77554, P.O. Box 17017 Galveston, TX 77552 – **Injury:** construction of border wall and enforcement zone causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below, the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this company to be accountable for co-opting the waiving of twenty-eight environmental and protection laws, several of them directed specifically to Native Americans (if there were no Native Americans in Texas, why the need to waive these laws?); provide inventory of any artifacts or human remains found or removed in any of the damaged areas of historical significance used for border wall construction or enforcement zone clearance; tear down the wall portion they built, at their own expense and reclaim the area back to native habitat allowing the Plaintiff/Tribe to consult and monitor the process.

**Southwest Drilling**, 4030 N FM492, 5712 Alton St., Mission, TX 78574 – **Injury:** construction of border wall and enforcement zone causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below, the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this company to be accountable for co-opting the waiving of twenty-eight environmental and protection laws, several of them directed specifically to Native Americans (if there were no Native Americans in Texas, why the need to waive these laws?); provide inventory of any artifacts or human remains found or removed in any of the damaged areas of historical significance used for border wall construction or enforcement zone clearance; tear down the wall portion they built, at their own expense and reclaim the area back to native habitat allowing the Plaintiff/Tribe to consult and monitor the process.

**Southwest Valley Constructors,** 5130 Masthead St NE, Albuquerque, NM 87109 – **Injury:** construction of border wall and enforcement zone causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below, the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this company to be accountable for co-opting the waiving of twenty-eight environmental and protection laws, several of them directed specifically to Native Americans (if there were no Native Americans in Texas, why the need to waive these laws?); provide inventory of any artifacts or human remains found or removed in any of the damaged areas of historical significance used for border wall construction or enforcement zone clearance; tear down the wall portion they built, at their own expense and reclaim the area back to native habitat allowing the Plaintiff/Tribe to consult and monitor the process.

**PETROCHEMICAL INDUSTRY:**

**Dos Republicos, North American Coal Mine**– 415 Madison St, Eagle Pass, TX 78852  **Injury:** mining, clearing land for mining, transporting coal out of mine causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; pollution of particulates causes chronic illness to our people and pollution to our environment; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process  **Redress:** Plaintiff/Tribe wants this company to buy the land they leased from its owner and give to the Plaintiff/Tribe to compensate for the damages they've done; Plaintiff/Tribe wants this company to provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original autochthonous people of the land;

Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of the site during the reclamation process.

**San Miguel Coal Mine**, 9200 Peeler Lane, Christine, TX 78012 – **Injury:** mining, clearing land for mining, transporting coal out of mine causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; pollution of particulates causes chronic illness to our people and pollution to our environment; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process Redress: Plaintiff/Tribe wants this company to provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original autochthonous people of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of the site during regular operations of this mine and the reclamation process; close down all mine operations in order to stop desecrating sacred sites, of which this mine is one.

**Permian Highway Pipeline, Eagle Claw Midstream**, 2700 Post Oak Blvd., Ste. 300, Houston, TX 77056 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (Permian Highway Pipeline and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and

associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Permian Highway Pipeline, Altus Midstream**, 2000 Post Oak Blvd, Houston, TX  77056 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (Permian Highway pipeline, Gulf Coastal pipeline, and others) **Redress**: Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Permian Highway Pipeline, Kinder Morgan**, 1001 Louisiana St., Houston, TX  77002 – **Injury**: construction and operation of pipelines ( Gulf Coastal runs under dry Devil's River) and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (Permian Highway Pipeline, Gulf Coastal pipeline, and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original

Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Chevron**, 6001 Bolinger Canyon Rd, San Ramon CA 94583 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Chevron Pipeline**, 1400 Smith, Houston, TX 77002 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this

company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Enterprise Products Partners,** 1100 Louisiana St., Houston, TX 77002 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Epic pipeline, Midland to ECHO, Seminole pipeline**, and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Enterprise Crude Oil, Royalties Relations**, 230 Park Ave., Ste. 1500, Oklahoma City, OK 73102 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe

to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Enbridge**, 5400 Westheimer Court, Houston, TX  77056 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Gray Oak, Valley Crossing pipelines** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Enbridge Liquids**, 1409 Hammond Ave., Superior, WI 54880 – Injury: construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress**: Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and

monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Energy Transfer Partners,** 8111 Westchester DriveDallas, TX 75225 **– Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Trans Pecos, Comanche pipelines** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.


**Strike Corporation**, 1800 Hughes Landing Blvd., Ste. 500, The Woodlands, TX  77380 **– Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Whistler pipeline** and others)  **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and

human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Pumpco Pipeline Construction**, 1209 South Main, Giddings, TX  78942 – **Injury:**  construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Whistler pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Apache Corporation**, 2000 Post Oak Blvd, Suite 100, Houston, TX 77056-4400 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Apache pipeline, Permian Highway pipeline, Epic pipeline**, and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures;

provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Cheniere Energy Group**, 700 Milam St., #1900, Houston, TX 77002 – **Injury:** LNG construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Plains All American Pipeline**, 333 Clay Street, Suite 1600, Houston, TX 77002 – **Injury:** construction and operation of the **Cactus II, Wink to Webster pipeline** and others and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress**: Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation

of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Lotus Midstream, LLC,** 2150 Town Square Place, Ste 395, Sugar Land, TX 77479 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Wink to Webster pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Delek US,** 7102 Commerce Way, Brentwood, TN 37027 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Wink to Webster pipeline** and others)  **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines,

rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Rattler Midstream**, 500 West Texas Ave, Suite 1200, Midland, TX 79701 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Wink to Webster pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**BP PLC**, 501 Westlake Park Blvd., Houston, TX 77079; 1 Saint James's Square London, SW1Y 4PD UK – **Injury**l: construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Cactus II pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting,

construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Royal Dutch Shell PLC**, PO box 162, 2501 AN The Hague, The Netherlands **– Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Cactus II pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Occidental Petroleum Corp.**, Occidental 5 Greenway Plaza, Suite 110 Houston, Texas 77046-0521 **– Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Cactus II pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting,

construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Epic Midstream Holdings**, 1000 Louisiana, Suite 6500, Houston, Texas 77002 **– Injury**: construction and operation of Epic pipeline and others and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Epic pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Easton Energy,** LLC, 15375 Memorial Drive Suite 850 Houston, TX 77079 **– Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**South Texas pipeline** and others) **Redress**: Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of

their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Phillips 66 Partners**, 3010 Briarpark Dr., Houston, TX 77042 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Gray Oak pipeline** and others)  **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Jupiter Energy Group**, 15851 Dallas North Parkway, Addison, TX 75001 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Jupiter pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of

their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Waterfield Midstream**, 545 E John Carpenter Frwy Ste 1300 Irving TX 75062 – **Injury**: construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**water disposal from Permian Basin** and others)  **Redress**: Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Blackstone Group**, 1111 Bagby St., Ste. 2050, Houston, TX 77002 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Permian Highway pipeline, water disposal from Permian Basin** and others) **Redress**: Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting,

construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**DCP Midstream, LP; DCP Midstream GP LP; DCP Midstream GP, LLC; DCP Midstream, LLC (Phillips 66 and Enbridge)** 370 17th Street, Suite 2500   Denver, CO 80202 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **(Whistler pipeline, Gulf Coastal pipeline**, and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Phillips 66**, 2331 CityWest Blvd., Houston, TX 77042 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **(Gray Oak pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence

according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**MPLX LP**, 200 East Hardin St., Findlay, OH 45840 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Wink to Webster pipeline** and others)  **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Stonepeak Infrastructure Partners**, 600 Travis St., Ste 6550, Houston, TX 77002 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Whistler pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due

process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Rio Bravo Pipeline/Next Decade**, 1000 Louisiana St., Ste. 3900, Houston, TX 77002 **Injury**: construction and operation of the **Permian Highway Pipeline** and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process(**Permian Highway pipeline, Rio Bravo pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Eagle Claw Midstream**, 500 W. Illinois, Ste. 700, Midland, TX 79701 **– Injury**: construction and operation of the Permian Highway Pipeline and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the

vicinity from the process (**Permian Highway pipeline** and others) **Redress**: Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Whitewater Midstream**, 100 Congress Ave., Ste 2200, Austin, TX, 78701 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Whistler pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**West Texas Gas**, 211 N. Colorado, Midland, TX 79701 – **Injury**: construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Whistler**

**pipeline, Trans Pecos pipeline,** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Exxon Mobil,** 5959 Las Colinas Blvd, Irving, TX 75039 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**South Texas pipeline, Permian Highway pipeline,** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**TARGA,** 811 Louisiana St., Ste 2100, Houston, TX  77002 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Gulf Coastal**

**pipeline** and others) **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Anadarko Carrizo Springs (purch by Occidental Petroleum 2019)**, 1201 Lake Robbins Drive, The Woodlands,TX 77380 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process (**Cactus II pipeline** and others) **Redress**: Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Lucid Energy Group** 3100 McKinnon St, Suite 800, Dallas, Texas 75201 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from

the process **Redress**: Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Centennial Resource Development**, 1001 Seventeenth Street, Suite 1800. Denver, CO 80202 – **Injury:** construction and operation of pipelines and associated structures causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this company to fulfill due process and due diligence according to law during planning, permitting, construction, and operation of their pipelines, rigs, and any associated structures; provide an inventory of all artifacts and human remains discovered and/or removed from the property by employees or others and return them to the Original Autochthonous People of the land; Plaintiff/Tribe wants this company to agree and allow Plaintiff/Tribe to provide consultation and monitoring of any site now or in the future that they are installing or operating pipelines, rigs, and associated structures; shut down pipeline operations and compensate financially for any damages done to historical sites.

**Annova LNG,**1001 Louisiana St., Ste. 2300, Houston, TX 77002 – **Injury:** construction and operation of LNG terminals and associated structures, disposal sites, pipelines, and use of shipping channels for large tankers causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land and water at the surface and below and causes harm to animals such as the

dolphin, ocelot, turtles, and others that are part of our clan system and vital to our identity; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this company to reveal what pipelines will be used to feed their facilities and which refineries will be used to process LNG for their facilities; accept the true definition of "critical infrastructure" to mean land, air, water, animals, and humans; prevent any polluting of aquifers or waterways; informe Plaintiff/Tribe of where they are getting their water and what they are paying for it.

**Rio Grande LNG/Next Decade**, 1000 Louisiana St., Ste. 3900, Houston, TX 77002 – **Injury:** construction and operation of LNG terminals and associated structures, disposal sites, pipelines, and use of shipping channels for large tankers causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land and water at the surface and below and causes harm to animals such as the dolphin, ocelot, turtles, and others that are part of our clan system and vital to our identity; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process **Redress:** Plaintiff/Tribe wants this company to reveal what pipelines will be used to feed their facilities and which refineries will be used to process LNG for their facilities; accept the true definition of "critical infrastructure" to mean land, air, water, animals, and humans; prevent any polluting of aquifers or waterways; inform Plaintiff/Tribe of where they are getting their water and what they are paying for it.

**Texas LNG,** 2800 North Loop West, St. 910, Houston, TX  77092 – **Injury:** construction and operation of LNG terminals and associated structures, disposal sites, pipelines, and use of shipping channels for large tankers causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land and water at the surface and below and causes harm to animals such as the dolphin, ocelot, turtles, and others that are part of our clan system and vital to our identity; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the

process **Redress:** Plaintiff/Tribe wants this company to reveal what pipelines will be used to feed their facilities and which refineries will be used to process LNG for their facilities; accept the true definition of "critical infrastructure" to mean land, air, water, animals, and humans; prevent any polluting of aquifers or waterways; inform Plaintiff/Tribe of where they are getting their water and what they are paying for it.

**Port of Brownsville**, 1000 Forest Rd., Brownsville, TX  78523 – **Injury:** leasing of our ancestral lands for financial profit without consultation of tribe and due diligence and forbidding us access to our ancestral lands for ceremonial lifeways causes damage and distress to us, ignoring our presence as human beings is a human rights violation, even as a non-recognized tribe; allowing construction of LNG terminals at Garcia Pasture and other historically significant archaeological sites causes damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; the lack of due process and due diligence affects and omits our Tribe and the communities in the vicinity from the process  **Redress:** Plaintiff/Tribe wants this public agency to have open meetings regarding the fossil fuel industry and specifically the LNG companies involved as well as SpaceEx; Plaintiff/Tribe wants this public agency to be more transparent and no longer continue to undermine the populace with behind-the-scenes dealings

**Valero Three Rivers Refinery**, 301 Leroy, Three Rivers, T 78071 – **Injury:** This refinery company started to build man-camp housing on top of our old village site and unearthed remains and artifacts, discovering a village found to be over 2900 years old. Three Rivers followed due process then but is not now. They have established a man camp village near there which puts our Native women at increased risk for violence and murder; damage to ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below; emits toxic pollution causing our community members increased illnesses and health risks **Redress:** Plaintiff/Tribe wants this company to answer questions of whether they are refining LNG or simply pumping it; report where their LNG supply

is coming from and what destinations they are sending it on to; turn over to the Tribe the property they hold that is part of Loma Sandia for its historical significance; invest as much money into public awareness of Native issues as they do for the fossil fuel industry.


**GOVERNMENT AND REGULATORY AGENCIES**:

**US Army Corp of Engineers (USACE)**, 441 G Street NW, Washington, DC 20314-1000 – **Injury:** Lack of due diligence and due process with border wall planning and construction caused disturbance and destruction to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below and omits our Tribe and the communities in the vicinity from the process; has caused destruction of habitat populated by native plants and animals crucial to our lifeways **Redress:** Plaintiff/Tribe wants this agency to represent the people they work for and give priority to them and their safety over the fossil fuel companies and follow the precedent they set back in 1801 with my great-great grandfather; Plaintiff/Tribe wants this agency to be accountable for co-opting the waiving of twenty-eight environmental and protection laws, several of them directed specifically to Native Americans (if there were no Native Americans in Texas, why the need to waive these laws?) and fulfill due process and due diligence according to law during planning, permitting, construction, and operation of any border wall projects or other USACE projects in South Texas; provide inventory of any artifacts or human remains found or removed in any of the damaged areas of historical significance used for border wall construction or enforcement zone clearance; tear down the wall.

**Texas Commission of Environmental Quality**, 12100 Park 35 Circle, Austin, TX 78753 – **Injury:** Lack of due diligence and due process with regulating polluting companies in the petrochemical industry has caused physical harm to our tribal members living with pollution in the water, air, and land; permitting border wall and fossil fuel industry corporations to proceed with operations without any accountability

for polluting violations; allowing companies as SpaceEx to endanger our communities with unsafe –
practices and violations  **Redress:** Plaintiff/Tribe wants this agency to represent the people they work for
and give priority to them and their safety over the fossil fuel companies; fulfill due process and due
diligence according to law; achieve an understanding of the true meaning of "critical infrastructure" to
mean the earth, water, sky, animals, and humans.

**Customs and Border Protection**, 1300 Pennsylvania Ave. NW, Washington, DC 20229 – **Injury:** Lack of
due diligence and due process with border wall planning and construction caused disturbance and
destruction to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing
the land at the surface and below and omits our Tribe and the communities in the vicinity from the
process;  has caused destruction of habitat populated by native plants and animals crucial to our
lifeways **Redress:** Plaintiff/Tribe wants this agency to represent the people they work for and give
priority to them and their safety over the fossil fuel companies and follow the precedent they set back in
1801 with my great-great grandfather; Plaintiff/Tribe wants this agency to be accountable for co-opting
the waiving of twenty-eight environmental and protection laws, several of them directed specifically to
Native Americans (if there were no Native Americans in Texas, why the need to waive these laws?) and
fulfill due process and due diligence according to law during planning, permitting, construction, and
operation of any border wall projects or other USACE projects in South Texas; provide inventory of any
artifacts or human remains found or removed in any of the damaged areas of historical significance used
for border wall construction or enforcement zone clearance; tear down the wall.

**Department of Homeland Security**, Chad F. Wolf, Acting Secretary of Homeland Security, Washington,
DC 20528 – **Injury:** Lack of due diligence and due process with border wall planning and construction
caused disturbance and destruction to our ancestral hunting/fishing grounds, village sites, and burial
grounds through disturbing the land at the surface and below and omits our Tribe and the communities
in the vicinity from the process; has caused destruction of habitat populated by native plants and

animals crucial to our lifeways **Redress:** Plaintiff/Tribe wants this agency to represent the people they work for and give priority to them and their safety over the fossil fuel companies and follow the precedent they set back in 1801 with my great-great grandfather; Plaintiff/Tribe wants this agency to be accountable for co-opting the waiving of twenty-eight environmental and protection laws, several of them directed specifically to Native Americans (if there were no Native Americans in Texas, why the need to waive these laws?) and fulfill due process and due diligence according to law during planning, permitting, construction, and operation of any border wall projects or other USACE projects in South Texas; provide inventory of any artifacts or human remains found or removed in any of the damaged areas of historical significance used for border wall construction or enforcement zone clearance; abolish ICE; eliminate detention centers that hold children, especially those in cages, and reunite them with their families; eliminate racist policies and recognize the inherent right to migrate because many of these detained people are possibly tribal relatives coming across the river from old villages; tear down the wall.

**Texas Railroad Commission**, 1701 North Congress, Austin, TX  78701 – **Injury:** Permitting of pipeline and petrochemical companies with disregard to public input and opinion has resulted in the loss of property through the use of eminent domain for private industry, desecration of sacred sites, harm to the environment and the true critical infrastructure of air, land, water, animals, and humans through toxic pollution and destruction of landforms crucial to our identity; lack of due diligence and due process in permits granted to fossil fuel industry corporations  erases us and omits us from the public process **Redress:** Plaintiff/Tribe wants this agency to communicate regularly with the Texas Historical Commission (THC) during the permitting process in order to avoid harm to historical sites; rewrite policies to eliminate a loophole that allows pipelines to be classified as intrastate when they are not delivering product anywhere in the State but are carrying oil/gas to deliver to ship to other countries, thus in reality being international pipelines.

**Federal Energy Regulatory Commission**, 888 First Street, NE, Washington, DC 20426 – **Injury:** Permitting of pipeline and petrochemical companies with disregard to public input and opinion has resulted in the loss of property through the use of eminent domain for private industry, desecration of sacred sites, harm to the environment and the true critical infrastructure of air, land, water, animals, and humans through toxic pollution, and destruction of landforms crucial to our identity; lack of due diligence and due process in granting permits to fossil fuel industry corporations erases us and omits us from the public process **Redress:** Plaintiff/Tribe wants this agency to represent the people they work for and give priority to them and their safety over the fossil fuel companies; Plaintiff/Tribe wants this agency to fulfill due process and due diligence obligations according to law during the planning and permitting of projects in South Texas

**Environmental Protection Agency, EPA,** Region 6 Main Office, 1201 Elm Street, Suite 500, Dallas, Texas 75270 – **Injury:** Lack of due diligence and due process with regulating polluting companies in the petrochemical industry has caused physical harm to our tribal members living with pollution in the water, air, and land; permitting border wall and fossil fuel industry corporations to proceed with operations without any accountability for polluting violations; allowing companies as SpaceEx to endanger our communities with unsafe – practices and violations  **Redress:** Plaintiff/Tribe wants this agency to represent the people they work for and give priority to them and their safety over the fossil fuel companies; fulfill due process and due diligence according to law; achieve an understanding of the true meaning of "critical infrastructure" to mean the earth, water, sky, animals, and humans.

**BANKING AND INVESTMENT:**

**Societe Generale,** 245 Park Ave., New York, NY  30167 – **Injury:** Financer of Texas LNG, Financing LNG corporations that culminate in the construction of facilities that house terminals, associated structures,

pipelines, and large tankers in the shipping channel results in damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land and water at the surface and below   **Redress:** Plaintiff/Tribe wants this corporation to stop promoting genocide of Original Autochthonous Peoples and the their sacred lands through their financing and investing in fossil fuel extraction; Plaintiff/Tribe wants divestiture of corporations that cause human and environmental harm.

**MacQuerie Bank,** 115 Wild Basin Road, Suite 301, Austin, Texas 78746, USA – **Injury:** Financer of Jupiter Pipeline SPOT terminal - Financing LNG corporations that culminate in the construction of facilities that house terminals, associated structures, pipelines, and large tankers in the shipping channel results in damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land and water at the surface and below   **Redress:** Plaintiff/Tribe wants this corporation to stop promoting genocide of Original Autochthonous Peoples and the their sacred lands through their financing and investing in fossil fuel extraction; Plaintiff/Tribe wants divestiture of corporations that cause human and environmental harm.

**First Infrastructure Capital**, Williams Tower, 2800 Post Oak Blvd., Ste. 1950, Houston, TX 77056 – **Injury:** Financer/Investor of Whitewater Midstream - Financing pipeline corporations that culminate in the construction of pipelines and associated structures results in damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land at the surface and below   **Redress:** Plaintiff/Tribe wants this corporation to stop promoting genocide of Original Autochthonous Peoples and the their sacred lands through their financing and investing in fossil fuel extraction; Plaintiff/Tribe wants divestiture of corporations that cause human and environmental harm.

**Global Infrastructure Partners**, 1345 Avenue of the Americas, 30th Floor, New York, NY 10105 – **Injury:** Financer/Investor Whistler Pipeline - Financing pipeline corporations that culminate in the construction of pipelines and associated structures results in damage to our ancestral hunting/fishing grounds, village

sites, and burial grounds through disturbing the land and water at the surface and below   **Redress:** Plaintiff/Tribe wants this corporation to stop promoting genocide of Original Autochthonous Peoples and the their sacred lands through their financing and investing in fossil fuel extraction; Plaintiff/Tribe wants divestiture of corporations that cause human and environmental harm.

**Blackstone Energy Partners**, 345 Park Avenue, New York, NY 10154 – **Injury:**  Financier/Investor Waterfield Midtream - Financing pipeline corporations that culminate in the construction of pipelines and associated structures results in damage to our ancestral hunting/fishing grounds, village sites, and burial grounds through disturbing the land and water at the surface and below   **Redress:** Plaintiff/Tribe wants this corporation to stop promoting genocide of Original Autochthonous Peoples and the their sacred lands through their financing and investing in fossil fuel extraction; Plaintiff/Tribe wants divestiture of corporations that cause human and environmental harm.

**NextEra Energy Resources, LLC**, P.O. Box 14000, Juno Beach, FL 33408-0420 **Injury:** Company has failed to comply with due process and due diligence when establishing their renewable energy business in south Texas and has not consulted our Tribe regarding planning, placement, and location of wind turbines and other systems **Redress:** Plaintiff/Tribe wants this company to consult with us regarding their business practices before, during, and after installation of any wind turbine or other structure

I swear under penalty of perjury that these answers are true and correct to the best of my knowledge.