UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN BENITO MANCIAS | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | CIV. NO. 7:20-cv-00349 |
| | § | |
| UNITED STATES OF AMERICA | § | |
|    Defendant. | § | |

## ORDER

On January 28, 2021, a status hearing was held to discuss the above matter and Plaintiff's More Definite Statement. (Dkt. Data Entry, January 28, 2020; Dkt. No. 3.) At the status hearing, this Court held that Plaintiff could move forward with his claims against Customs and Border Protection (CBP), an agency of the United States Department of Homeland Security; Plaintiff can pursue only those claims in Hidalgo and Starr Counties, arising out of the building and construction of the border wall; and Plaintiff is charged with serving Defendant CBP pursuant to Rule 4 of the Civil Rules of Procedure no later than April 28, 2021.

### I. Plaintiff's Response to the Court's Questionnaire Will Be Considered as Part of Plaintiff's Original Complaint.

Prior to the status hearing on January 28, 2021, Plaintiff filed an Original Complaint on October 29, 2020. (Dkt. No. 1.) After receiving Plaintiff's Original Complaint, the Court issued an Order for More Definite Statement, which was formatted like a questionnaire. (Dkt. No. 2.) On December 9, 2020, Plaintiff responded to the Court's Order. (Dkt. No. 3.) Plaintiff's response to the questionnaire "is 'not a separate, independent pleading,' but 'a necessary pleading auxiliary ... in order that the court may assess the factual and legal bases of the claim[s] asserted.'" *Requena-*

1

*Villarreal v. Almeida*, 1:17-CV-143, 2019 WL 1509141, at *3 (S.D. Tex. Mar. 7, 2019), report and recommendation adopted, 1:17-CV-143, 2019 WL 1507981 (S.D. Tex. Apr. 5, 2019) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Accordingly, Plaintiff's response to the Court's questionnaire will be considered as part of Plaintiff's Original Complaint. "[T]he answers to the questionnaire will effectively amplify the original allegations in the [Plaintiff's] complaint, …they are an integral part of that complaint and not a separate, independent pleading." *Watson*, 525 F.2d at 892.

A finding that Plaintiff's response to the Court's questionnaire is "integral" to Plaintiff's Original Complaint is consistent with the Federal Rules of Civil Procedure, Rule 15, which allows for a party to amend his complaint within twenty-one days of service. Fed. R. Civ. P. 15(a)(1)(A). Here, service of process has been withheld to allow the Court time to understand Plaintiff's claims. Now that the Court has received Plaintiff's response to the Court's questionnaire, service of process will be required pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See Watson*, 525 F.3d at 893 ("Having approved the use of the questionnaire…, we think it appropriate to withhold service of process pending receipt of the questionnaire. At that point the pro se complaint is complete, and unless dismissed, service of process will be required pursuant to [Rule 4].").

## II. Plaintiff May Proceed with His Claims Involving Eli Jackson Cemetery.

Plaintiff may proceed with his claims against Defendant CBP, relating to Eli Jackson Cemetery. Plaintiff has ninety days, from the date of the status hearing, to effect service on CBP in a manner consistent with Rule 4 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff has until April 28, 2021 to serve Defendant CBP with process.

### III. Plaintiff's Claims Against All Other Defendants Are Dismissed.

Plaintiff's claims against all other defendants are dismissed for lack of venue, improper joinder, and failure to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "The complaint must... contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is 'plausible on its face.'" *Pierre v. Oginni*, 3:17-CV-0259, 2018 WL 4220848, at *2 (S.D. Tex. Sept. 5, 2018) (quoting *Ashcroft*, 556 U.S. at 678). A plaintiff must claim that he is entitled to relief "under a valid legal theory." *Id.*

In this matter, many of Plaintiff's claims amount to nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Ashcroft*, 556 U.S. at 678). Such claims include Plaintiff's claims against both private border wall contractors and banking industry defendants for their development and investments in projects that Plaintiff believes have damaged ancestral lands. *See* Dkt. No. 3 at 28-34; 61-63. Repeating the same claims over and over again against various actors does not amount to setting forth a claim under a valid legal theory. Because all these claims are conclusory, they are dismissed for failure to state a viable claim.[1]

---

[1] Before a court dismisses a claim for failure to state a claim, the court must typically provide a plaintiff with notice and an opportunity to respond. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). The purpose of this is to ensure the Court employs a procedure that is fair. *Id.* The procedure employed by this Court has been fair. First, Plaintiff was given an opportunity to further develop his claims when the Court requested that he submit a More Definite Statement. (*See* Dkt. Nos. 2, 3.) Plaintiff was

3

Second, Plaintiff brings claims against parties outside the jurisdiction of the McAllen Division. These claims include: Plaintiff's claims against governmental and private entities associated with the permitting process for LNG terminal sites in Garcia Pasture and Loma Ochoa; Plaintiff's claims against county and private entities associated with LNG export terminals in Cameron County; Plaintiff's claims against the Texas Railroad Commission for its development of the Dos Republicas Coal Project in Laredo, Texas; Plaintiff's claim against the Texas Commission on Environmental Quality; and all other claims by Plaintiff arising out of Cameron County, Nueces County, Live Oak County, Sutton County, Val Verde County, and Maverick County.

Venue refers to the proper geographic location where a given case should be heard. It is a procedural matter. In a civil action, venue is governed by 28 U.S.C. § 1391(b). The statute provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). A court may address the issue of venue *sua sponte*. If venue is not proper, the case may be dismissed. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss..."). Plaintiff brought his claims in the Southern District of Texas, McAllen Division. The McAllen Division is comprised of Hidalgo and Starr Counties. *See* 28 U.S.C. § 124(b)(7);

---

provided with notice at the status hearing on January 28, 2021 that some of his claims would be dismissed for failure to state a claim. Finally, Plaintiff's claims are dismissed without prejudice. *See Bazrowx*, 136 F.3d at 1054 (a court's failure to give the plaintiff notice and an opportunity to respond is "ameliorated...if the dismissal was without prejudice."). Accordingly, dismissal without prejudice for failure to state a claim is appropriate.

*see also* McAllen Division, https://www.txs.uscourts.gov/offices/mcallen-division (last visited February 12, 2021). Many of Plaintiff's claims originate in counties outside the Hidalgo and Starr Counties. All claims arising outside of the McAllen Division will be dismissed without prejudice because this Court lacks venue.

Further, defendants outside Hidalgo and Starr Counties may not be joined in this action pursuant to Rule 20 of the Federal Rules of Civil Procedure, which does allow for joinder of parties in some circumstances. Pursuant to Rule 20(a)(2), defendants may be joined in one action as defendants if: (1) their claims arise out of the same transaction, occurrence, or series of transactions or occurrences and (2) when there is at least one common question of law or fact linking all claims. Misjoinder, as is the case here, implicates Federal Rule of Civil Procedure 21, which establishes that, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

In determining whether to drop a party from a case, courts look to Rule 20 of the Federal Rules of Civil Procedure. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); *see also Merisier v. Johnson County, Tex.*, 3:19-CV-2911-X-BN, 2019 WL 8017876, at *1 (N.D. Tex. Dec. 11, 2019), report and recommendation adopted, 3:19-CV-02911-X-BN, 2020 WL 888530 (N.D. Tex. Feb. 24, 2020). Here, Plaintiff details several claims that do not originate in Hidalgo or Starr Counties, nor do they involve parties living in Hidalgo or Starr Counties. Consequently, Plaintiff fails to establish venue. Further, Plaintiff fails to establish that these other parties may be joined in Plaintiff's action against Defendant CBP. Plaintiff's claims (1) do not arise out of the same transaction, occurrence, or series of occurrences, and (2) there is not a common question of law linking all claims. This is especially true for claims against various government agencies and companies in connection to development of oil and gas pipelines and

5

energy development which is separate and distinct from the complaints about border wall development within Starr and Hidalgo Counties. *See* Dkt. No. 3 at 34-61.[2]

*Even if* this two-prong test was satisfied, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ... ensuring judicial economy, ... or safeguarding principles of fundamental fairness." *Acevedo*, 600 F.3d at 521 (internal citations omitted). Considering the foregoing, dismissal without prejudice for Plaintiff's misjoinder of parties is appropriate under Federal Rule of Civil Procedure 21.

### IV. Plaintiff Is Still Required to Show That He Has Standing.

While Plaintiff is permitted to move forward with service on Defendant CBP, the Court has made no determination regarding whether Plaintiff has standing to sue. For standing to exist, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. "[T]here must be a causal connection between the injury and the conduct complained of." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). And, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* To establish redressability, a plaintiff must show "a 'substantial likelihood' that the requested relief will remedy the alleged injury in fact." *El Paso County, Texas v. Trump*, 982 F.3d 332, 341 (5th Cir. 2020).

Said another way, to establish standing, Plaintiff must show injury, causation, and redressability. If Plaintiff fails to show that he has standing, he risks having his remaining claims

---

[2] A compelling case can be made that dismissal is also warranted for failure to state claim as each claim is a repetition of the other – that development of oil and gas industry has damaged ancestral lands; the same can be said as well for claims against governmental agencies that they failed to appropriately regulate the oil and gas industry. *See Pierre*, 2018 WL 4220848, at *2.

dismissed. Standing is an essential component of federal subject matter jurisdiction. *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004). Lack of standing can be raised at any time by the court or by a party to the suit. *Id.* As set forth at the hearing, Plaintiff has been advised of this issue.

## CONCLUSION

For the reasons stated herein, Plaintiff is permitted to proceed with his present claims against Defendant CBP within Hidalgo and Starr Counties arising out of the building and construction of the border wall. All other claims are **DISMISSED WITHOUT PREJUDICE** for noted reasons. A Scheduling Order, which is binding on the remaining parties, has been issued. (Dkt. No. 5.)

**IT IS SO ORDERED.**

**DONE** at McAllen, Texas, this 26th day of February, 2021.

Juan F. Alanis
United States Magistrate Judge