United States District Court
Southern District of Texas
**ENTERED**
December 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUAN BENITO MANCIAS §<br>Plaintiff, §<br>§<br>vs. §<br>§<br>U.S. CUSTOMS AND BORDER §<br>PROTECTION and U.S. DEPARTMENT §<br>OF HOMELAND SECURITY, §<br>Defendants. § | CIV. NO. 7:20-00349 |

## REPORT & RECOMMENDATION

Pending before the Court is Plaintiff's voluntary dismissal of his claims against Defendants U.S. Customs and Border Protection (CBP) and the U.S. Department of Homeland Security (DHS). (Dkt. No. 22.) On October 29, 2020, Plaintiff, Juan Benito Mancias, filed a complaint presenting numerous claims relating to alleged harms against the Carrizo Comecrudo Tribe of Texas. (Dkt. No. 1.) After the undersigned ordered a more definite statement and Plaintiff replied to said order, the undersigned narrowed Plaintiff's claims. (Dkt. Nos. 2, 3, 6.) On May 21, 2021, Plaintiff filed an amended complaint alleging Defendants, by building a border wall between Texas and Mexico, are desecrating important archeological remains ("Plaintiff's Amended Complaint").[1] (Dkt. No. 8 at 1.) Plaintiff requested that Carrizo Comecrudo tribal members get access to these sites "in order to maintain [their] Sovereign right to identify sacred

---

[1] Plaintiff's Amended Complaint mooted Plaintiff's Complaint. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

1

sites and artifacts." (Dkt. No. 8 at 1.) After Plaintiff obtained counsel, Plaintiff filed for a voluntary dismissal. *See* Dkt. Nos. 18, 22.

Accordingly, after reviewing the motions and relevant law, and considering Plaintiff's Notice of Dismissal of Complaint, the undersigned recommends Plaintiff's Amended Complaint be **DISMISSED** without prejudice.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed a complaint on October 29, 2020 ("Plaintiff's Complaint"). (Dkt. No. 1.) After receiving Plaintiff's Complaint, the undersigned issued an Order for More Definite Statement. (Dkt. No. 2.) On December 9, 2020, Plaintiff responded to said Order ("Plaintiff's More Definite Statement"). (Dkt. No. 3.) On January 28, 2021, the undersigned held a status hearing to discuss Plaintiff's Complaint and Plaintiff's More Definite Statement. (Dkt. Data Entry, dated January 28, 2021.)

Through the pleadings and status hearing, the undersigned determined that many of Plaintiff's claims amounted to nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." (Dkt. No. 6 at 3 (quoting *Ashcroft*, 556 U.S. at 678).) Such claims included Plaintiff's claims against both private border wall contractors and banking industry defendants for their development and investments in projects that Plaintiff believes have damaged ancestral lands. *Id.* (citing Dkt. No. 3 at 28-34; 61-63.) Plaintiff also brought claims against parties outside of the McAllen Division's jurisdiction. (Dkt. No. 6 at 3.) These claims included: Plaintiff's claims against governmental and private entities associated with the permitting process for LNG terminal sites in Garcia Pasture and Loma Ochoa; Plaintiff's claims against county and private entities associated with LNG export terminals in Cameron County; Plaintiff's claims against the Texas Railroad Commission for its development of the Dos

Republicas Coal Project in Laredo, Texas; Plaintiff's claim against the Texas Commission on Environmental Quality; and all other claims by Plaintiff arising out of Cameron County, Nueces County, Live Oak County, Sutton County, Val Verde County, and Maverick County. (Dkt. No. 6 at 3.)

Following the status hearing, in an Order dated February 26, 2021, the undersigned held Plaintiff could move forward with his claims against Customs and Border Protection (CBP), an agency of the United States Department of Homeland Security; Plaintiff could pursue only those claims in Hidalgo and Starr Counties, arising out of the building and construction of the border wall; and Plaintiff was charged with serving Defendant. (Dkt. No. 6 at 1.) The undersigned also advised Plaintiff that if Plaintiff fails to show he has standing, he risks having his remaining claims against CBP dismissed. *Id.* at 6. Plaintiff was then permitted to proceed with his present claims against Defendant CBP within Hidalgo and Starr Counties arising out of the building and construction of the border wall. *Id.* at 7. All other claims were dismissed without prejudice for lack of venue, improper joinder, and failure to state a claim. *Id.* at 2, 7.

After Plaintiff's claims were narrowed down to claims against CBP, the undersigned held a status hearing on April 22, 2021. (Dkt. Data Entry, dated April 22, 2021.) A day later, the undersigned issued an Order giving Plaintiff an extension of time to file service on Defendants and to amend his complaint. (Dkt. No. 7 at 1.) On May 21, 2021, Plaintiff filed an amended complaint against CBP and DHS, among other entities that are not party to this suit.[2] (Dkt. No. 8.) On August 30, 2021, Defendants responded to Plaintiff's Amended Complaint (Dkt. No. 8) with Defendants' Motion for a More Definite Statement (Dkt. No. 14). In it, Defendants pointed to two

---

[2] Plaintiff names "[t]he Federal Government of [t]he United States of America and subsidiaries; [the] Secretary of Homeland Security, U.S. Customs Border Protection, United States Border Patrol, Government Services Agency, Immigration and Customs Enforcement, [and the] Transportation Security Agency" as well as "[a]ny and all [c]ontractors, [s]ub [c]onstractors and [s]ubsidiaries." (Dkt. No. 8 at 3.)

3

facts: (1) President Joseph R. Biden, Jr., executed a Presidential Proclamation on January 20, 2021 "terminating the national emergency at the Southern Border Wall and directing 'a careful review of all resources appropriated or redirected to construct a southern border wall' through development of 'a plan for the redirection of funds concerning the southern border wall'"[3], and (2) "In June 2021, DHS issued its plan for use of border wall funds . . . continuing certain discrete projects because they are urgent measures needed to avert immediate physical dangers. The first is a project in the Rio Grande Valley of Texas, where DHS will construct and/or remediate approximately 13.4 miles of compromised levee."[4] Defendants used these facts to support their claim that Plaintiff did not provide sufficient information regarding: "(1) the location of the archaeological remains, (2) his injury in fact, and (3) the government's waiver of sovereign immunity regarding this allegation." (Dkt. No. 14 at 5, ¶ 14.)

On September 2, 2021, the undersigned issued an Order Granting Defendants' Motion for a More Definite Statement. (Dkt. No. 15.) In it, the undersigned emphasized Plaintiff is required to show standing and to state the terms of the Government's waiver of sovereign immunity for each allegation. *Id.* at 2-4. On September 27, 2021, Nicholas A. Mancuso filed a Motion to Appear Pro Hac Vice. (Dkt. No. 16.) That same day, Mr. Mancuso also filed a Motion for Extension of Time to File More Definite Statement. (Dkt. No. 17.) On September 28, 2021, the undersigned granted Mr. Mancuso's request to appear pro hac vice (Dkt. No. 18) and granted the motion for

---

[3] Dkt. No. 14 at 2, ¶ 4 (citing Proclamation No. 10142, 86 Fed. Reg. 7225 (Jan. 27, 2021)).

[4] Dkt. No. 14 at 2, ¶ 8 (citing Department of Homeland Security Border Wall Plan Pursuant to Presidential Proclamation 10142, U.S. Department of Homeland Security, https://www.dhs.gov/sites/default/files/publications/21_0611_dhs_security_border_wall_plan.pdf (last accessed December 13, 2021) and DHS Releases Plan for Use of Border Barrier, U.S. Department of Homeland Security, https://www.dhs.gov/news/2021/06/11/dhs-releases-plan-use-border-barrier-funds (last accessed December 13, 2021)).

extension of time (Dkt. No. 19). On November 1, 2021, Plaintiff filed another motion for extension of time. (Dkt. No. 20.) On November 3, 2021, due to the complex nature of the claims and in lieu of the fact that Plaintiff recently obtained counsel, the undersigned granted the motion for extension of time. (Dkt. No. 21.) On November 24, 2021, Plaintiff filed Plaintiff's Notice of Dismissal of Complaint, pursuant to Federal Rules of Civil Procedure Rule 41(a)(1), thereby dismissing all claims against the Defendants. (Dkt. No. 22.)

## II. VOLUNTARY DISMISSAL LAW & ANALYSIS

Pursuant to Federal Rules of Civil Procedure Rule 41(a)(1)(A)(i), a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." *See* Fed. R. Civ. P. 41(a)(1)(B). Notably, "[t]he notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam) (citing *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010)) (additional citations omitted). Further, "the district court may not attach any conditions to the dismissal." *Id.* (citing *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976)).

A motion for a more definite statement is not an answer that would bar voluntary dismissal under Rule 41(a)(1). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party *cannot reasonably prepare a response*." Fed. R. Civ. P. 12(e) (emphasis added). In other words, a motion for a more definite statement is a preliminary step taken before a defendant or respondent furthers their defense. 54 A.L.R. Fed. 214 (Originally published in 1981) (citing *Kroger Co. v. Giem*, 2 Fed. R. Serv. 2d 673 (M.D. Tenn. 1959) (stating a motion for a more definite statement "is a step

5

taken as a preliminary to further defense")); *Bunkers Int'l Corp. v. Carreira Pitti, P.C.*, No. CIV.A. H-10-3756, 2011 WL 2552473, at *1 (S.D. Tex. June 27, 2011) (granting the plaintiff's dismissal under Rule 41(a)(1) even after the defendant had filed a motion to dismiss or, in the alternative, a motion for a more definite statement); *Allen v. Citrus Heights Police Dep't*, No. 220CV1853JAMKJNPS, 2021 WL 3268959, at *4 (E.D. Cal. July 30, 2021) (granting the defendants' motion for a more definite statement and advising the plaintiff that if he is unable to amend his complaint in compliance with the court's order, he can alternatively file a notice of voluntary dismissal pursuant to Rule 41(a)(1)). As such, a motion for a more definite statement is not considered an "answer" that would preclude automatic dismissal of all claims under Rule 41(a)(1).

In this case, Defendants have not filed an answer or a motion for summary judgment. Defendants did, however, file a motion for a more definite statement. (Dkt. No. 14.) This does not constitute an answer; it is merely a preliminary step taken by defendants to have the ability to form an answer. Also, since there are no notices stating otherwise, Plaintiff's dismissal should be without prejudice. And although no order or other action is required, a district court may file an order to close out such a case. Therefore, after reviewing the motions and relevant law, and in light of Plaintiff's Notice of Dismissal of Complaint, the undersigned recommends that Plaintiff's Amended Complaint be dismissed without prejudice.

### III. CONCLUSION

*Recommended Disposition*

Based on the foregoing facts and after reviewing the motions and relevant law, including Plaintiff's Notice of Dismissal of Complaint, the undersigned recommends Plaintiff's Amended Complaint be **DISMISSED** without prejudice.

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Report and Recommendation to counsel for Plaintiff and Defendants.

DONE at McAllen, Texas, this 17th day of December, 2021.

_____
Juan F. Alanis
United States Magistrate Judge